IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>KONAMI DIGITAL ENTERTAINMENT INC., HARMONIX MUSIC SYSTEMS, INC. AND ELECTRONIC ARTS, INC.,<br><br>　　　　　Defendants. | C.A. No. 12-1461 (LPS) (CJB) |
| PRINCETON DIGITAL IMAGE CORPORATION<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>UBISOFT ENTERTAINMENT SA,<br><br>　　　　　Defendant. | C.A. No. 13-335 (LPS) (CJB) |

**JOINT NOTICE OF STATUS OF THE *INTER PARTES* REVIEW PROCEEDINGS**

Pursuant to the Court's oral order on January 14, 2015, Plaintiff Princeton Digital Image Corporation ("PDIC") and Defendants Ubisoft Entertainment, S.A. ("Ubisoft"), Konami Digital Entertainment, Inc. ("Konami"), Electronic Arts, Inc. ("EA"), and Harmonix Music Systems, Inc. ("Harmonix"), hereby submit this Joint Notice of Status of the *Inter Partes* Review Proceedings. The parties could not reach agreement on the language of this joint notice and therefore provide separate submissions below.

**PLAINTIFF'S SUBMISSION**

**I.**　　**Status of the IPR Proceedings**

Since the Court issued its stay, there have been three IPR proceedings involving PDIC's asserted U.S. Patent No. 5,513,129 ("the '129 patent"), all of which are now complete:

### A. The Harmonix IPR

Harmonix filed a petition for *inter partes* review of claims 1, 5–6, 8–13, 15–19, and 21–23 of the '129 patent by the USPTO in IPR2014-00155 on November 15, 2013. *See* Case No. 1:12-cv-01461-LPS-CJB (the "Konami/Harmonix/EA Litigation"), D.I. 67, Ex. 1 (IPR2014-00155, Paper 2, the Harmonix petition).

In a May 9, 2014 institution decision, the USPTO's Patent Trial and Appeal Board ("PTAB") adopted PDIC's constructions of the two "virtual reality" claim terms proposed to the court in the early claim construction proceedings in the Konami/Harmonix/EA Litigation.[1] Applying these constructions, the Board declined to institute *inter partes* review of claims 1, 5–6, 8–9, 12–13, 15–19, and 21, as requested by Harmonix. *See* Konami/Harmonix/EA Litigation, D.I. 71, Ex. A (IPR2014-00155, Paper 11, the institution decision) at 7–8, 13–16, 19–22.

On May 6, 2015, the PTAB ruled in a final written decision that claims 10, 11, 22, and 23 of the '129 patent are unpatentable. *See* Konami/Harmonix/EA Litigation, D.I. 83, Ex. A (IPR2014-0155, Paper 26, the final written decision).

---

[1] Specifically, the Board construed "virtual environment" to mean "a computer-simulated environment (intended to be immersive) which includes a graphic display (from a user's first person perspective, in a form intended to be immersive to the user), and optionally also sounds which simulate environmental sounds," and "virtual reality computer system" to mean "a computer system programmed with software, and including peripheral devices, for producing a virtual environment." *Compare* Konami/Harmonix/EA Litigation, D.I. 48 at 2, *with* D.I. 71, Ex. A (IPR2014-00155, Paper 11, the institution decision) at 7–8 (citing '129 patent, col. 1:22–33).

### B.     The Ubisoft IPR

Ubisoft filed its petition for *inter partes* review of claims 1–23 of the '129 patent in IPR2014-00635 on April 15, 2014. *See* Case No. 1:13-cv-00335-LPS-CJB (the "Ubisoft Litigation"), D.I. 54, Ex. B (IPR2014-00635, Paper 3, the Ubisoft petition).

On October 17, 2014, the PTAB issued a decision instituting review of claims 1–13, 15–18, and 21–23 but denying review of claims 14, 19, and 20. *See* Ubisoft Litigation, D.I. 56, Ex. B (IPR2014-00635, Paper 9, the institution decision) at 1–2, 7–11, 20, 23–24.

On October 16, 2015, the PTAB ruled claims 1–13, 15–18, and 21–23 of the '129 patent unpatentable. *See* Ex. A (IPR2014-00635, Paper 24, the final written decision).

### C.     The Harmonix/Konami IPR

Finally, Harmonix and Konami jointly filed a petition for *inter partes* review of claims 1–23 of the '129 patent in IPR2015-00271 on November 17, 2014, along with a motion seeking to join that proceeding with the then-pending Ubisoft IPR. *See* Konami/Harmonix/EA Litigation, D.I. 76, Exs. C–D (IPR2015-00271, Papers 1 and 5, the Harmonix/Konami petition and motion for joinder).

The PTO denied the requested joinder because the petition was not timely, and the newly asserted grounds of unpatentability as to claims 14, 19, and 20 were based on prior-art references (referred to by the PTAB as Adachi, Tsumura, and Lytle) that were known to the Defendants, and could have been asserted in the earlier IPR proceedings. *See* Konami/Harmonix/EA Litigation, D.I. 84, Exs. B–C (IPR2015-00271, Papers 14 and 15, decisions denying joinder and

institution).[2] As such, once again, no *inter partes* review was instituted as to claims 14, 19, and 20.

## II. The IPRs Are Complete And The Stay Should Be Lifted

Plaintiff did not appeal the PTAB's final written decisions in the Harmonix IPR or the Ubisoft IPR, and the PTAB's determination in those proceedings that claims 1–13, 15–18, and 21–23 are unpatentable is now final. However, although Defendants requested *inter partes* review of claims 14 and 20 of the '129 patent in two of the three *inter partes* review proceedings, and requested review of claim 19 in all three, the Board declined to institute *inter partes* review of these claims in view of the prior art presented by the Defendants.

Because the IPRs have all concluded and any time for appeal has passed, the parties agree that the Court's orders staying the cases until conclusion of the IPRs (e.g., Ubisoft Litigation, D.I. 52, 59) should be lifted.

Plaintiff PDIC intends to pursue its claims for infringement of claims 14, 19, and 20 of the '129 patent against Defendants. The Defendants assert that they intend to continue to argue that these claims are invalid over the prior art, but, in fact, they should be estopped from doing so

---

[2] *See also, e.g.*, Konami/Harmonix/EA Litigation, D.I. 84, Ex. B (IPR2015-00271, Paper 15, decision denying joinder) at 4–10 ("The Petition seeks review of three claims, claims 14, 19, and 20, that were denied institution in the '635 IPR and of claims for which review was instituted in the '635 IPR. In particular, the Petition includes a new challenge to both a claim not instituted in the '635 IPR, claim 14, and claims instituted in the '635 IPR, claims 5–7 and 16–18, based on a new combination of references considered in the '635 IPR. Additionally, Petitioner adds claims 19 and 20 to a ground on which we instituted in the '635 IPR. Petitioner points out that claim 14 (which Petitioner is challenging based on a combination of Adachi and Tsumura) depends from claim 12, and the Board has already instituted *inter partes* review of claim 12 based on Adachi. Petitioner further points out that claims 19 and 20 (which Petitioner is challenging based on Lytle) depends from claim 16, and the Board has already instituted *inter partes* review of claim 16 based on Lytle. . . . Petitioner has not provided a compelling reason why the grounds of unpatentability asserted in the Petition could not have been asserted in the '155 IPR, or why Petitioner did not seek to immediately pursue similar grounds of unpatentability after the '635 IPR was instituted.").

4

in view of the IPR proceedings. In resolving the IPRs, the PTAB adopted the constructions of the "virtual reality" claim terms that were proposed by PDIC in the early claim construction briefing in the Konami/Harmonix/EA Litigation,[3] and ruled that there was not a reasonable likelihood that the Defendants would prevail in the Harmonix and Ubisoft IPRs on the challenges to the validity of those claims.[4] Harmonix and Ubisoft are now estopped from asserting invalidity of these patent claims over prior art they raised or reasonably could have raised during those proceedings, including the Adachi, Tsumura, and Lytle prior-art references asserted in the Ubisoft IPR and the Harmonix/Konami IPR. *See* 35 U.S.C. § 315(e)(2); Konami/Harmonix/EA Litigation, D.I. 84, Ex. B (IPR2015-00271, Paper 15, decision denying joinder in the Harmonix/Konami IPR) at 8–10 ("Petitioner has not provided a compelling reason why the grounds of unpatentability asserted in the Petition could not have been asserted in the '155 IPR, or why Petitioner did not seek to immediately pursue similar grounds of unpatentability after the '635 IPR was instituted."); *see also* 157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl) (estoppel covers all "prior art which a skilled searcher conducting a diligent search reasonably could have been expected to discover"). The estoppel extends to all Defendants that are in privity with the petitioners for the purpose of defending PDIC's claims. *See* 35 U.S.C. § 315(e)(2).[5]

---

[3] *Compare* Konami/Harmonix/EA Litigation, D.I. 48 at 2, with D.I. 71, Ex. A (IPR2014-00155, Paper 11, the institution decision) at 7–8 (citing '129 patent, col. 1:22–33). Because the '129 patent expired July 14, 2013, the PTAB applied the claim construction standard set forth by the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), which also applies in these litigations. *See Facebook, Inc. v. Pragmatus AV, LLC*, 582 Fed. Appx. 864, 866 (Fed. Cir. 2014).

[4] *See* Konami/Harmonix/EA Litigation, D.I. 71, Ex. A (IPR2014-00155, Paper 11, the institution decision) at 7–8, 13–16, 19–22; Ubisoft Litigation, D.I. 56, Ex. B (IPR2014-00635, Paper 9, the institution decision) at 1–2, 7–11, 20, 23–24.

[5] Defendants EA and Konami, and proposed Defendant Ubisoft Inc. (*see* discussion *infra*), are distributors of accused video-game products developed by petitioners Harmonix and Ubisoft.

In view of the IPR proceedings, PDIC plans to request leave to amend its pleadings to conform the current operative Complaints to the PTAB rulings, and specifically to assert counts for infringement of claims 14, 19, and 20 of the '129 patent, and to add, as requested in its timely motion to amend filed before the Court stayed the litigations, Ubisoft's United States distribution subsidiary, Ubisoft Inc., as a defendant in the litigation. *See* Ubisoft Litigation, D.I. 46–47. Plaintiff and the Defendants have conferred regarding Plaintiff's proposed amendment of the pleadings, and Plaintiff disclosed to Ubisoft the theories of infringement that it would allege in a proposed amended complaint.

Although discovery in the Konami/Harmonix/EA Litigation was stayed until after the completion of the early *Markman* proceedings at the Defendants' request (*see* Konami/Harmonix/EA Litigation, D.I. 34 ¶ 4(a)), just weeks after the Court held its October 2013 *Markman* hearing, before the court could issue its ruling, Harmonix filed a petition for *inter partes* review and moved to stay the case until the completion of the IPR proceedings. *Compare* Konami/Harmonix/EA Litigation, D.I. 31, Appendix B at 1, *and* D.I. 34 ¶¶ 2–3, *with* D.I. 66–69. Now that the case has been stayed for over two years, and the PTAB ruled that there was not a reasonable likelihood that the Defendants would prevail in the IPRs on the challenges to the validity of claims 14, 19, and 20 of the '129 patent, it is time to move forward with fact discovery as well as claim construction relevant to PDIC's allegations of infringement of these claims. The Defendants have indicated that they will raise additional defenses of indefiniteness and invalidity over the prior art (*see* discussion *infra*), but litigating these issues should proceed

in parallel with fact discovery in accordance with a pretrial schedule for the remainder of the case entered by the Court.[6]

Thus, PDIC proposes that (1) PDIC shall file its motions to amend the Complaints in the Konami/Harmonix/EA and Ubisoft Litigations upon entry of an order of the court lifting the current stay, and (2) by January 29, 2016, or as otherwise ordered by the Court, the parties shall file a Stipulation or Supplemental Case Management Statement including the Parties' proposals for scheduling the remaining stages of these litigations.

**DEFENDANTS' SUBMISSION**

**I.    Status of the IPR Proceedings**

The IPR proceedings have rendered all but claims 14, 19, and 20 of the '129 patent fully and finally invalid.  In the Harmonix IPR, the PTAB invalidated claims 10, 11, 22, and 23. Konami/Harmonix/EA Litigation, D.I. 83, Ex. A (IPR2014-0155, Paper 26, Final Written Decision).  In the Ubisoft IPR, the PTAB invalidated claims 1-13, 15-18, and 21-23 of the '129 patent.  Ex. A (IPR2014-00635, Paper 24, Final Written Decision).  PDIC did not appeal either of these Decisions, rendering all independent claims invalid, and leaving only dependent claims 14, 19, and 20 left to be adjudicated.

As noted above by Plaintiff, a third Petition for IPR and motion for joinder was timely filed by Harmonix and Konami outlining invalidity arguments for claims 14, 19, and 20. *See*

---

[6] Although the Defendants have stated that they may pursue constructions of the claims different than those they argued in the Patent Office, the petitioners Harmonix and Ubisoft, and the other Defendants in privity with them, should be estopped from seeking to re-litigate the same claim construction issues decided in the IPRs.  The petitioners had a full and fair opportunity to litigate those issues, and those issues have been finally decided by the PTAB under the same legal standard that applies in this case. *See, e.g., Ohio Willow Wood Co. v. ALPS South, LLC*, 735 F.3d 1333, 1342–43 (Fed. Cir. 2013); *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S.Ct. 1293, 1299, 1310 (2015) ("[A] court should give preclusive effect to [USPTO] decisions if the ordinary elements of issue preclusion are met.").

7

Konami/Harmonix/EA Litigation, D.I. 76, Exs. C–D (IPR2015-00271, Papers 1 and 5, the Harmonix/Konami petition and motion for joinder). Because the Ubisoft IPR was nearing completion, the PTAB used its discretion not to join the new grounds of invalidity of claims 14, 19, and 20 with the ongoing Ubisoft IPR and denied the IPR on procedural grounds.[7] These grounds for invalidity have not been considered by any forum.

## II.     Remaining Issues for This Court

Given the narrow scope of the three remaining dependent claims and statements made during IPR process, Defendants do not believe that PDIC has a good faith basis to assert a claim of infringement against Defendants, and intend to raise those issues as appropriate after receiving PDIC's compliant pleadings and infringement contentions.  In addition, Defendants identify the following additional issues.

### A.     Claim Construction of Claims 14, 19, and 20

In finding all but three dependent claims of the now-expired '129 patent invalid, the PTAB conducted a substantial analysis of the now-expired '129 patent in determining the scope of the claims of the '129 patent that were related to the patentability of the challenged claims. Ex. A at 9-21.  As PDIC states, the PTAB adopted its proposed construction of "virtual environment" to mean "a computer-simulated environment (intended to be immersive) which includes a graphic display (from a user's first person perspective, in a form intended to be immersive to the user), and optionally also sounds which simulate environmental sounds."  The PTAB, however, has acknowledged that "the Specification does not elucidate what it means by 'intended to be immersive to the user,'" and that the "phrase is subjective." Ex. A at 11; *see also*

---

[7] It is not true, as Plaintiff states, that the Petition was denied as "not timely."  The Petition was filed within 30 days of the October 17, 2015, institution decision in the Ubisoft IPR, which is "timely" per 35 U.S.C. § 315(b) and 37 C.F.R. § 42.122(b), the rules governing joinder.

Ubisoft Litigation, D.I. 54, Ex. B (IPR2014-00635, Paper 3, the Ubisoft petition) at 3-4, n.1. Thus, PDIC's construction in both the IPR proceedings and the litigation raises issues of indefiniteness under *Nautilus* that, in Defendants' view, renders the remaining claims of the '129 patent invalid. In addition, Konami and Harmonix believe the PTAB's finding supports their argument that the Court should construe the term "immersive" as they proposed during Early Limited Claim Construction. These issues will need to be addressed by the Court.

Additionally, claims 14, 19, and 20 are means-plus-function claims that contain limitations that the PTAB either did not need to resolve with respect to the invalidity challenges presented, or for which the PTAB acknowledged that the '129 patent specification lacked corresponding structure. Ex. A (IPR2014-00635, Paper 24, the final written decision) at 9-20; *id.* at 19 (regarding the "means for pre-recording" limitation of claims 19-20, "the Specification does not describe prerecording a control track having audio, but rather distinguishes prerecorded control tracks from prerecorded audio"); *see also id.* at 18 and n.12 (construing structure for "means for receiving" (claim 14) and "means for producing" (claims 19 and 20) limitations as "a processor suitably programmed to carry out the function," despite Ubisoft's argument that where the first signal is a "control signal having music" or a "prerecorded control track having music," there is no structure disclosed in the '129 patent to perform the function); *see also* 35 U.S.C. § 311(b) (indefiniteness challenges under Section 112 not available in an IPR). Because the structure required in computer-implemented means-plus-function limitations comes in the form of an algorithm for accomplishing the recited function, not merely a recitation of software for performing the recited function on a general-purpose computer, the construction of claims 14, 19, and 20 will need to be presented to the Court for determination. *Ergo Licensing, LLC v.*

*CareFusion 303, Inc.*, 673 F.3d at 1361, 1364-65 (Fed. Cir. 2012); *see also id.* at 1365 (claim is indefinite if patent fails to disclose adequate corresponding structure).

The parties will address these issues during the claim construction process.[8] While in the Harmonix/Konami proceeding, the parties engaged in early claim construction on "virtual environment" and "virtual reality system," Ubisoft was not a party to that process and the PTAB has since issued a construction of those terms. Prior to any decision by the Court, the parties should submit additional or supplemental briefing on the construction of these terms, as well as briefing on remaining terms including the means-plus-function limitations outlined above.

### B. The Prior Art Renders Dependent Claims 14, 19, and 20 Invalid

As expected, efficiency was gained by staying the current action while the PTAB considered the applicability of the prior art references to all of the independent claims of the '129 patent, and many dependent claims. The three remaining claims – claims 14, 19, and 20 – depend from already-invalidated independent claims, but were not subject to *inter partes* review. PDIC is aware of the specific arguments for invalidity of claims 14, 19, and 20, as they were presented in detail in the Petition for IPR filed by Harmonix and Konami on November 17, 2014. *See* Konami/Harmonix/EA Litigation, D.I. 76, Exs. C–D (IPR2015-00271, Papers 1 and 5, the

---

[8] Rather than address the invalidity problems with the three remaining claims, PDIC advocates for ignoring them, arguing that certain defendants (but not all) are estopped from raising them. As to the prior art, PDIC claims that Defendants "should be estopped from" arguing that the claims are invalid "in view of the IPR proceedings." But there is no basis for this claim, as *inter partes* review estoppel applies only as to "a claim in a patent" that "results in a final written decision." *See* 35 U.S.C. 315(e). Because claims 14, 19, and 20 were never subject to *inter partes* review, and thus did not result in a final written decision, there is no estoppel. *Westlake Services, LLC v. Credit Acceptance Corp.,* CBM2014-00176 (PTAB May 14, 2015) (estoppel applies on claim-by-claim basis, and does not bar invalidity challenges to patent claims not addressed in prior final written decision) (designated precedential). And as to claim construction, none of the indefiniteness issues (or other claim construction issues) are barred by issue preclusion given the limited scope and authority of the PTAB's determinations, which by statute does not authorize indefiniteness challenges.

10

Harmonix/Konami petition and motion for joinder). The PTAB, in its discretion under 35 U.S.C. §315(c), denied the requested joinder and petition for *inter partes* review on procedural grounds, concluding that the joinder would not "promote efficient resolution of the unpatentability issues without substantially affecting the schedule for the [Ubisoft] IPR." *See* Konami/Harmonix/EA Litigation, D.I. 84, Ex. C at 10; *see generally* Exs. B–C (IPR2015-00271, Papers 14 and 15, decisions denying joinder and institution). As such, no *inter partes* review was instituted as to claims 14, 19, and 20, and the proposed prior art rejections for claims 14, 19, and 20 were not substantively considered by the PTAB, but these invalidity arguments are based on the same prior art used to find the independent claims invalid. The invalidity positions regarding claims 14, 19, and 20 are therefore now ripe for adjudication by the Court.

### III. Proposals for Lifting the Stay and Scheduling

Because the IPRs have all concluded and any time for appeal has passed, Defendants do not oppose lifting the litigation stay pursuant to the Court's order (Case No. 1:13-cv-355, D.I. 52). However, in the *Konami / Harmonix* case, a separate discovery stay is currently in place pending the Court's resolution of Early Limited Claim Construction issues, and Defendants maintain that a discovery stay should remain in place while the Court adjudicates all remaining claim construction issues. (Case No. 1:12-cv-01461-LPS-CJB, D.I. 34 at p.3.)

Plaintiff has indicated that it intends to pursue dependent claims 14, 19, and 20 against Defendants. Based on the proceedings to date before the PTAB, Defendants believe that there are numerous case-dispositive issues that are ripe for determination, including invalidity of the three remaining dependent claims.

The parties are currently conferring regarding the most efficient management of this case, including issues they feel are ripe for early resolution. Defendants propose submitting a

Stipulation or Supplemental Case Management Statement to the Court by February 14, 2016, or as otherwise ordered by the Court, to permit the parties ample time to discuss appropriate and efficient mechanisms for resolving the case. Additionally, although PDIC states above that it "plans to request leave to amend its pleadings" including to add Ubisoft, Inc. as a party, counsel for defendant Ubisoft Entertainment has requested an explanation and copy of PDIC's proposed amended pleading for its consideration on three occasions, which PDIC has not provided. Ubisoft stands ready to confer with PDIC on any specific proposed amended pleading.

| | |
|---|---|
| Dated: January 19, 2016 | Respectfully submitted, |
| O'KELLY ERNST & BIELLI, LLC | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Daniel P. Murray* | */s/ Rodger D. Smith II* |
| Sean T. O'Kelly (No. 4349) | Jack B. Blumenfeld (#1014) |
| Daniel P. Murray (No. 5785) | Rodger D. Smith II (#3778) |
| 901 N. Market Street, Suite 1000 | 1201 North Market Street |
| Wilmington, Delaware 19801 | P.O. Box 1347 |
| (302) 778-4000 | Wilmington, DE 19899 |
| sokelly@oeblegal.com | (302) 658-9200 |
| dmurray@oeblegal.com | jblumenfeld@mnat.com |
| | rsmith@mnat.com |

Attorneys for plaintiff
PRINCETON DIGITAL IMAGE
CORPORATION

Attorneys for defendants
KONAMI DIGITAL ENTERTAINMENT,
INC., HARMONIX MUSIC SYSTEMS, INC.,
ELECTRONIC ARTS INC., AND UBISOFT
ENTERTAINMENT SA

**Of Counsel:**

Michael J. Lennon (admitted *pro hac vice*)
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Telephone: (212) 425-7200
Facsimile: (212) 425-5288
Email: mlennon@kenyon.com

Michael N. Zachary (admitted *pro hac vice*)
KENYON & KENYON LLP
1801 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 384-4683
Facsimile: (650) 384-4701
Email: mzachary@kenyon.com

Susan A. Smith (admitted *pro hac vice*)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Telephone: (202) 220-4200
Facsimile: (202) 220-4201
Email: ssmith@kenyon.com

Attorneys for plaintiff
PRINCETON DIGITAL IMAGE
CORPORATION

**Of Counsel:**

Benjamin J. Fox (*Pro Hac Vice*)
Wendy J. Ray (*Pro Hac Vice*)
Ryan J. Malloy (*Pro Hac Vice*)
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200

Attorneys for defendant
KONAMI DIGITAL ENTERTAINMENT, INC.

Patrick J. Coyne (*Pro Hac Vice*)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000

Linda J. Thayer (*Pro Hac Vice*)
Christopher S. Schultz (*Pro Hac Vice*)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
2 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 646-1600

Attorneys for defendants
ELECTRONIC ARTS INC.
HARMONIX MUSIC SYSTEMS, INC.

Eric A. Buresh
Michelle L. Marriott
ERISE IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, KS 66211
Telephone: (913) 777-5600

Attorneys for defendant
UBISOFT ENTERTAINMENT SA