## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : |
| Plaintiff, | : |
| v. | : C.A. No. 13-335-LPS-CJB |
| UBISOFT ENTERTAINMENT SA and UBISOFT INC., | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Burke issued a Report and Recommendation (D.I. 121) on November 4, 2016, recommending that the Court grant Defendants Ubisoft Entertainment SA and Ubisoft Inc.'s ("Ubisoft") partial motion to dismiss Plaintiff Princeton Digital Image Corp.'s ("PDIC") claims for indirect and willful infringement of U.S. Patent No. 5,513,129 ("the '129 patent") (D.I. 76);

WHEREAS, on November 21, 2016, PDIC objected to the Report (D.I. 122), specifically objecting to the Report's conclusions that PDIC did not adequately allege pre-suit knowledge of the '129 patent and that the complaint did not put Ubisoft on notice – before the '129 patent expired – of PDIC's allegations of indirect and willful infringement;

WHEREAS, on December 8, 2016, Ubisoft responded to PDIC's objections (D.I. 124), contending that the Report correctly analyzed PDIC's third amended complaint and correctly determined that PDIC fails to state a claim for indirect and willful infringement;

WHEREAS, the Court has carefully reviewed the Report and all relevant filings and has

evaluated Ubisoft's motion to dismiss de novo, *see Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. PDIC's objections (D.I. 122) are OVERRULED, Judge Burke's Report (D.I. 121) is ADOPTED, and Ubisoft's partial motion to dismiss (D.I. 76) is GRANTED.

2. PDIC first objects to the Report's conclusion that PDIC failed to allege sufficiently that Ubisoft had pre-suit knowledge of the '129 patent. PDIC's theory of Ubisoft's pre-suit knowledge, presented in its third amended complaint, is essentially as follows. In March 2009, Ubisoft acquired an unreleased video game, as well as intellectual property and patent applications relating to the game, from GameTank, Inc. (*See* D.I. 72 at ¶ 63) Ubisoft employed GameTank's CEO and co-founder, who was also the named inventor on one of those applications, U.S. Patent Application No. 11/865,681 ("the '681 application"). (*See id.* at ¶ 64) Ubisoft also continued to use GameTank's patent attorney for prosecution of the '681 application, and for later patent applications. (*See id.* at ¶ 65) During prosecution of some of those applications, including the '681 application, Ubisoft cited as prior art U.S. Patent No. 5,990,405 ("the '405 patent"). (*See id.* at ¶¶ 67, 70) The '405 patent, in turn, describes the '129 patent in its background of the invention section. (*See id.* at ¶ 68) Thus, as the Report summarizes, PDIC's "allegations put two degrees of separation between Defendants and the '129 patent, as the theory of knowledge is not that Defendants ***cited directly to*** the '129 patent as prior art, but rather that the Defendants ***cited to another patent (unrelated to the '129 patent) that itself made reference to*** the '129 patent." (D.I. 121 at 12-13)

3. Accepting PDIC's factual allegations as true – but not its legal conclusions, *see In*

2

*re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) – the Court concludes, as did the Report, that, "without more, such a theory is too tenuous to permit the reasonable inference that Defendants had actual knowledge of the '129 patent." (*Id.* at 13) At the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent. *See DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 471 (D. Del. 2016); *Spherix Inc. v. Juniper Networks, Inc.*, 2015 WL 1517508, at *3 (D. Del. Mar. 31, 2015); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, 2012 WL 6968938, at *1 (D. Del. July 18, 2012). But here, PDIC asks the Court to do more than infer knowledge of a patent cited by Ubisoft during prosecution; PDIC contends that Ubisoft's citation of a patent that itself discusses the '129 patent makes it plausible that Ubisoft knew of the '129 patent before this litigation. PDIC's complaint does not support such an inference. Beyond Ubisoft's citation of the '405 patent during prosecution of various applications, PDIC does not allege facts that, taken as true, indicate that Ubisoft had meaningfully engaged with the '405 patent, let alone the '129 patent described therein. Thus, the allegations here suggest a connection to the '129 patent that is significantly weaker than those found to be adequate in other cases. *See, e.g., DNA Genotek Inc. v. Ancestry.com DNA, LLC*, 2016 WL 1128491, at *2 (D. Del. Mar. 22, 2016) (finding allegation of pre-suit knowledge plausible because, in addition to Defendant's citation of Plaintiff's patents during prosecution, "the parties were in an ongoing business relationship whereby [Defendant] was made aware that . . . kits purchased from [Plaintiff] were marked as patent-protected"); *see also* D.I. 121 at 15-16 (distinguishing other cases). The Court concludes, therefore, that PDIC has not sufficiently alleged that Ubisoft had pre-suit knowledge of the '129 patent.

4.      PDIC also objects to the Report's conclusion about Ubisoft's post-suit knowledge.[1] Claims for indirect infringement require – in addition to "knowledge of the existence of the patent that is infringed" – "knowledge that the [] acts constitute patent infringement." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011). Similarly, for willfulness, "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). With regard to post-suit knowledge, a plaintiff's well-pleaded complaint may provide notice "of how it is that use of the accused product infringes the patent, in order to plausibly assert that the [alleged] infringer knew that the [] use of its products constitutes patent infringement." *Versata Software, Inc. v. Cloud9 Analytics, Inc.*, 2014 WL 631517, at *3 (D. Del. Feb. 18, 2014). The Report concludes that, here, the original complaint did not sufficiently put Ubisoft on notice of the conduct that is now alleged to be infringing, so it cannot plausibly support that Ubisoft had the requisite knowledge for indirect or willful infringement.

5.      PDIC served the original complaint on April 16, 2013 (*see* D.I. 121 at 3), alleging that Ubisoft SA (but not Ubisoft Inc.) directly infringed the '129 patent under 35 U.S.C. § 271(a), "through its developing, making, using, offering for sale and/or selling of at least" several *Just Dance* games. (D.I. 1 at ¶¶ 9, 10) The complaint also stated PDIC's belief "that discovery may reveal" that Ubisoft's "developing, making, using, offering for sale, and/or selling one or more other games, such as, at least, the game known commercially as *Rocksmith*," also infringes (*id.* at ¶ 10), and "that other activities of Ubisoft may contribute to or induce infringement" of the '129

---

[1] Although the Report analyzed post-suit knowledge separately for indirect infringement (*see* D.I. 121 at 18-22) and willful infringement (*see id.* at 22-25), the Court will address them together, as that is how PDIC has presented the issue in its objections (*see* D.I. 122 at 7-9).

4

patent (*id.* at ¶ 11). When Ubisoft moved to dismiss PDIC's "speculative allegations" (D.I. 5 at 5), PDIC amended its complaint, dropping its allegations about the *Rocksmith* game and indirect infringement (*see* D.I. 8 at ¶ 10). The '129 patent then expired on July 14, 2013. (*See* D.I. 77 at 1) PDIC's third amended complaint, filed on March 4, 2016, now alleges that Ubisoft SA and Ubisoft Inc., among other things, indirectly and willfully infringe based on developing the *Just Dance* and *Rocksmith* games. (*See* D.I. 72 at ¶¶ 33-34, 75)

6. PDIC's infringement theories have shifted over time. The question is whether PDIC's allegations before the expiration of the patent put Ubisoft on notice of the indirect and willful infringement claims that PDIC is now pressing after the patent has expired, such that Ubisoft can be said to have knowledge of what conduct allegedly constituted patent infringement after service of the complaint but before expiration of the patent. As PDIC correctly states, its complaint need "not describe precisely how each element of the asserted claims are practiced." *Bill of Lading*, 681 F.3d at 1335. However, the complaint must sufficiently identify "the patent at issue and the allegedly infringing conduct" in order for "a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint [to] satisf[y] the requirements of *Global-Tech*." *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 574 (D. Del. 2012).

7. The Court agrees with the Report that the original complaint does not sufficiently identify the now-alleged indirect and willful infringement. The original complaint merely suggested that "discovery may reveal . . . that other activities of Ubisoft" may indirectly infringe the '129 patent, and there is no reference in that complaint to willfulness. (D.I. 1 at ¶ 11) When Ubisoft moved to dismiss these allegations for being too speculative, PDIC amended its

5

complaint, dropping these allegations rather than supplementing them. Moreover, PDIC's third amended complaint "fails to supply any factual allegations that would convert the post-suit knowledge [of the patent] into a plausible allegation of knowledge of the infringing use." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 235 (D. Del. 2012); *see also* D.I. 121 at 21 ("If there was some way to factually articulate how what *was* alleged in the original Complaint could have given Ubisoft SA notice of the currently pleaded allegations of indirect infringement against it, PDIC would have had to have set this out in the [third amended complaint]. But it has not."). Because PDIC's original complaint does not provide *any* information as to how Ubisoft engaged in indirect or willful infringement – and the third amended complaint does not contain factual allegations describing Ubisoft's post-suit, pre-expiration knowledge of how it indirectly or willfully infringed – it is not plausible to infer that Ubisoft had knowledge, during the relevant period, that its conduct constituted patent infringement in accordance with the theories now alleged.

8. Given the detailed reasoning provided in the Report, and that the parties have not raised any arguments that are not adequately addressed in the Report, the Court finds it unnecessary to discuss Ubisoft's motion (D.I. 76) or PDIC's objections (D.I. 121) any further.

December 12, 2017
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

6