# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Rodger D. Smith II
(302) 351-9205
rsmith@mnat.com

March 12, 2018

The Honorable Christopher J. Burke                     *VIA HAND DELIVERY &*
United States District Court                                       *ELECTRONIC FILING*
844 North King Street
Wilmington, DE  19801

      Re:    *Princeton Digital Image Corp. v. Konami et al.,* C.A. No. 12-1461 (LPS) (CJB);
              *Princeton Digital Image Corp. v. Ubisoft, Inc..,* C.A. No. 13-335 (LPS) (CJB)

Dear Judge Burke:

      Defendants Harmonix Music Systems, Inc., Electronics Arts Inc., and Ubisoft, Inc. ("Defendants") respectfully submit this response to PDI's supplemental letter dated March 8, 2018, regarding Plaintiff's request for an extension of the close of fact discovery.

      Plaintiff fails to establish good cause for extending the discovery deadline. Plaintiff raised a proposed 30-day discovery extension for the first time during the parties' February 21, 2018 discovery teleconference (*see* 2/21/18 Tr. at 65:15-67:15), and followed up with an email to Defendants that same day asking for 45 days (Exhibit F).  But there was no showing of good cause in Plaintiff's request to Defendants, and no showing of good cause in PDI's March 8, 2018 letter.  Although PDI's purported basis for a 45-day discovery extension is to "allow for completion of the parties' document productions and to schedule and complete all fact depositions," PDI has not exercised diligence in attempting to complete its contemplated discovery.  Defendants have offered PDI deposition dates, which PDI has largely declined.  On the other hand, Defendants have noticed their planned depositions and sought agreement from PDI on dates, and are positioned to complete them within the discovery period.  Because PDI's requested discovery extension would unnecessarily compress the remainder of the schedule and prejudice Defendants' ability to obtain rulings on case dispositive issues prior to incurring substantial expense for preparing for trial, Defendants oppose Plaintiff's request for a 45-day extension of the discovery period.

### PDI Bears The Burden To Show Good Cause

      PDI has failed to carry its burden to show good cause for its request for a 45-day extension. "To demonstrate the good cause necessary to allow for modification of a scheduling order, the moving party must demonstrate that, despite its own diligent efforts, scheduling deadlines cannot be met." *MacQueen v. Union Carbide Corp.*, No. CV 13-831-SLR-CJB, 2015 WL 167674, at *3 (D. Del. Jan. 8, 2015); *see also* *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221–22 (3d Cir. 2014) (noting that to obtain an extension of a discovery deadline, a movant must include "both an explanation of why more time is needed and a showing that the movant diligently sought the discovery she now seeks to secure beyond the deadline."). PDI does

not adequately explain how it diligently pursued the discovery it now seeks or why it could not have obtained this discovery earlier.

### Document Discovery Does Not Justify A 45-Day Extension

PDI attempts to blame Defendants' document productions for its decision to reject and/or postpone deposition dates. But the Defendants substantially completed their technical document productions in September 2016 (the original date), made their game software available for inspection in June 2016, and have supplemented their productions in view of additional requests made by PDI. This is no justification for PDI's requested 45-day extension.

Further, none of the seven alleged examples of information on which PDI is "still seeking discovery" are actual, ripe, discovery deficiencies.

- *Just Dance game titles*—**Status: Produced**. Ubisoft, Inc. did not develop any of these games but agreed to request technical documentation relating to a representative title from the third parties that did develop the *Just Dance* titles. Ubisoft, Inc., obtained technical documentation pursuant to this request, and has recently produced it to PDI.
- Marketing, advertising, and customer support documents— **Status: Produced**. Ubisoft, Inc. searched for documents relating to the use of the accused games by Ubisoft, Inc. in connection with marketing of the accused games, and produced this additional information last week. PDI has not identified deficiencies with that production.
- "Additional documents Ubisoft *may* be ordered by the Court to produce"—This was a subject of the last discovery teleconference. It remains Ubisoft's position that PDI has not met its burden to establish that any further documents are relevant or proportional to the issues in this case.
- Konami U.S. patent prosecution documents— **Status:** There are none (*see* March 12, 2018, letter to the Court from Konami).
- "Additional specific Konami documents identified by PDI in a recent letter"— Konami US agreed to search again for limited documents, such as a "rider" to a contract for PlayStation 3 and any contract for PlayStation 2. PDI has not articulated a need for the documents, and if they can be located, they will be produced in advance of the one Konami deposition that remains outstanding. This can be completed in advance of the one remaining Konami deposition sought by PDI on March 27 or 29.
- Documents from Harmonix and Electronic Arts relating to the allegations of "knowledge of the '129 patent" in Plaintiff's Complaint— **Status:** There are none. As recently as January 22, 2018, Harmonix responded that it had none (Exhibit A, p. 7), and invited PDI to contact counsel to discuss (*id.*, p. 9). On February 12, 2018, PDI sent an email asking to meet and confer that afternoon. Harmonix's counsel responded the same day proposing a date two days later. (Exhibit B). PDI never responded and never met and conferred. Thus, this issue is not ripe for this teleconference as the parties have not met and conferred, despite ample opportunity for doing so.
- Technical documents from Harmonix for the *Karaoke Revolution* games "which Harmonix recently suggested are not discoverable"—Harmonix responded to PDI's

request for documents relating to *Karaoke Revolution* on January 22, 2018 (Exhibit A, p. 8). As shown in Exhibit 22 of PDI's letter, Harmonix objected to producing a witness on Topic 2 relating to *Karaoke Revolution* on February 8, 2018. Harmonix understood its January 22, 2018, response resolved this issue. PDI has not met and conferred with Harmonix on either set of objections. Contrary to PDI's assertion, this is not a "recent" development nor would it support extension.

At most, PDI's seven examples are simply normal discovery issues that parties routinely face near the close of discovery. They are not cause for a 45-day extension. Nor do any of these issues hamper PDI in "preparing for the inspection of defendants' source code," as it suggests. Source code has been available for almost two years. At this late stage, Plaintiff should know what its infringement theory is and what it hopes to find in Defendants' source code to support its claim of infringement. Further, PDI does not explain how documents relating to marketing, sales, patent prosecution, or alleged knowledge of the '129 patent could even theoretically be required for source code review. And, tellingly, PDI's lack of interest in source code is belied by the fact that even now, less than a month before the close of fact discovery, it still has not sought to inspect source code.

PDI also cannot justify a 45-day extension with its own discovery deficiencies. In contrast to Defendants, and although requests have been pending since 2016, PDI did not make its substantial production until February 22, 2018. Any argument that PDI has had difficulty obtaining documents from third parties should be dismissed because PDI has retained all of these third parties as consultants since 2008. (Exhibit C). But, regardless, Defendants are prepared to complete their discovery within the current schedule.

## Deposition Discovery Does Not Justify A 45-Day Extension

PDI lists "at least" eight party witnesses and six "third-party" witnesses depositions. As a preliminary matter, PDI fails to explain how it intends to complete these deposition within the hours permitted by the governing Scheduling Order (*see, e.g.,* 13-335, D.I. 69, at ¶ 3(e)(i), stating that "*[e]ach side* is limited to a total of 35 hours of party depositions (including Rule 30(b)(6) and Rule 30(b)(1) depositions."). Nevertheless, Defendants are committed to working within the current schedule.

- The depositions of Harmonix, Eran Egozy, and Electronic Arts have been scheduled for the last week of March.
- As Konami notes in its separate letter, PDI has only one deposition of Konami US outstanding, a Rule 30(b)(6) deposition for which Konami US has offered dates for more than a month. The deposition can be completed on March 27 or 29, or another mutually agreeable date in advance of the existing cut-off.
- Ubisoft provided dates for its witnesses on February 15, 2018, offering witnesses March 1, 2, and/or 5 in San Francisco. Ubisoft also offered to coordinate depositions of third-party developers of its games, whose regular place of business is Paris, France, and offered dates of March 15 and 16 for these depositions. On February 22, 2018, the day after the prior discovery teleconference, PDI stated that "at this point we cannot confirm the dates that you have provided" on the purported basis of waiting for documents. Ubisoft responded on March 1, 2018 that "[w]e trust that PDI's unilateral refusal to confirm deposition dates is not in furtherance of trying to justify a discovery extension that would not otherwise be needed." PDI did not respond to that email and has not

requested alternative dates, but instead filed for its discovery extension with the Court on March 8, 2018. Ubisoft's position remains that it will make the Ubisoft witnesses available within the discovery period or, if necessary, will negotiate a reasonable agreement to complete the depositions outside of the discovery period.

*Defendants' Deposition Requests to PDI:* Defendants have requested one Rule 30(b)(6) deposition of PDI and have sought the personal deposition of its principal, Thomas Meagher. This will likely be one deposition. Additionally, Defendants issued subpoenas for deposition testimony to Fakespace and the inventors on January 31, 2018. Despite repeated requests for available dates, PDI has still not provided specific dates and locations. (Exhibits D, E, and G), and have delayed efforts to meet and confer (Exhibit G). When Defendants met and conferred with Plaintiff on March 1, 2018, Defendants indicated that Plaintiff's refusal to provide dates would require the parties to double- and triple-track depositions in March to meet the discovery deadline, something Defendants were willing to do. Plaintiff's counsel said it would provide dates certain on March 5 or 6. Plaintiff has still not provided any dates for these witnesses (Exhibit E).

*PDI's Third-Party Depositions*: PDI has subpoenaed several attorneys who prosecuted patents. As to Mr. Lohse, Ubisoft moved for protection on PDI's requested discovery, and this matter was addressed during the prior discovery teleconference with the court. (*See* D.I. 228). PDI has also subpoenaed Mr. Berliner, an attorney who requested the *ex parte* reexamination of U.S. Patent No. 5,990,405, assigned to Gibson Guitar. All communications he had with his clients relating to this reexamination are privileged. Nonetheless, he is available for deposition but Plaintiff has not requested any dates.

In short, Defendants have been trying to work with Plaintiff to schedule all depositions before the end of the discovery period, but have been hampered by Plaintiff's lack of cooperation. Plaintiff finally agreed to meet and confer on deposition dates on March 12, 2018 at 3:00 p.m., after this paper is due to the Court.

## Conclusion

Defendants oppose any extension to the discovery period. Plaintiff has had ample time to complete discovery and has not established good cause for the extension. Rather, the delay has been Plaintiff's. Any alleged prejudice to Plaintiff is a direct result of Plaintiff's own delay and failure to timely prepare. Any extension would only reward Plaintiff's delay and failure to cooperate with Defendants. All parties had ample opportunity to propound discovery and no more should be served. All documents and things that Plaintiff intends to rely on should be produced by the current close of discovery, March 30, 2018.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

Enclosures
cc:     Clerk of Court (via hand delivery)
        All Counsel of Record (via electronic mail)