

**Sean T. O'Kelly, Esquire**
sokelly@oelegal.com
**Direct (302) 778-4001**

March 8, 2018

Magistrate Judge Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 6100
Wilmington, DE  19801

      Re:    *Princeton Digital Image Corp. v. Konami Digital Entertainment Inc.*, *et al.*, Case No. 1:12-cv-01461-LPS-CJB
              *Princeton Digital Image Corp. v. Ubisoft Entertainment SA, et al.*, Case No. 1:13-cv-00335-LPS-CJB

Dear Judge Burke:

      Pursuant to the Court's March 2, 2018 Oral Order, there are four discovery disputes currently before the Court, all of which were raised by PDI: three deficiencies in the Konami discovery identified in the March 1, 2018 joint letter (D.I. 243), and PDI's request to extend the deadline of fact discovery by 45 days.  We write to address the two discovery disputes that plaintiff ("PDI") will raise during the March 14, 2018 teleconference.[1]

**I.    Documents and Communications Relating to the Citation of Plaintiff's Patent-in-Suit by Konami's Affiliates or Their Attorneys**

      The Court should order Konami to produce documents and communications concerning the citation and discussion of PDI's '129 patent-in-suit during the prosecution of Konami Group U.S. patents and patent applications relating to its videogame products, including U.S. Patent Nos. 6,347,998; 6,843,726; 6,758,756; 6,645,067; 6,582,309; 6,410,835; or 6,379,244, and any communications with the patent attorneys prosecuting those applications (including Lawrence Wechsler or Frank J. Jordan).  *See* D.I. 94 (PDI Complaint) ¶¶ 69–71; D.I. 229, Ex. 10.

---

[1] Issue (4) identified in the joint letter is already briefed and before the Court.  *See* D.I. 162 at 3; D.I. 164 at 4.  PDI is no longer seeking a ruling on issue (7), because Konami served additional supplemental interrogatory responses on March 6, 2018.  One day before the filing of this letter brief, the defendants indicated that they may attempt to raise additional discovery disputes at the March 14, 2018 teleconference on which the parties have not yet met-and-conferred.

O'Kelly Ernst & Joyce, LLC
Page 2 of 5                                                                                               March 8, 2018

      Konami has control over the disputed U.S. patent prosecution documents in the possession of Konami Japan or the parent Holding company, and should be ordered to produce them, if those entities "acted with [Konami US] in effecting the transaction giving rise to suit and [are] litigating on its behalf." D.I. 176 (August 31, 2016 Order) at 2–3 (quoting *Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue*, 839 F.2d 131, 141 (3d Cir. 1988)); *see also Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 130–31 (D. Del. 1986)).

      Konami Japan, whose operations and employees overlap with Konami US, acted with Konami US to effect the transactions that gave rise to this litigation. Konami US and Konami Japan are both wholly-owned subsidiaries of the Japanese parent Konami Holdings Corporation (the "Holding Company"), which (along with other regional entities) comprise Konami's "Digital Entertainment" business unit responsible for developing, publishing, and distributing Konami's videogame products worldwide.[2] Although Konami has suggested otherwise in this case,[3] Konami Japan and Konami US in fact share officers, directors, and employees. For example, the Chairman of Konami US (Hideki Hayakawa) is the President and a Director of Konami Japan and a Corporate Officer of the Japanese Holding Company, and the only other Director, who is also the President and Secretary of Konami US (Takayuki Kubo), is a General Manager of Konami Japan.[4] And, until at least November of 2014 (two years after this lawsuit was filed), the Vice President of Business and Legal Affairs of Konami US (Mari Tasaki) was a General Manager in the legal departments of both Konami Japan and the Holding Company.[5]

      Konami's accused *Dance Dance Revolution* videogames were developed by Konami Japan, which owns the intellectual property for the accused games, and licenses Konami US to publish and distribute the games in the United States.[6] An officer of the Japanese Parent Corporation (Kazumi Kitaue), who was responsible for the videogame business for the entire Konami Group (*see, e.g.,* Ex. 14 at 89–90), [REDACTED]

---

[2] *See* Ex. 1 at 2–3, 6, 17; Ex. 2 at 1–2; Ex. 3 at 48–49, 65–66; Ex. 4 at 6–7, 9–10, 19–20.

[3] *See, e.g.,* D.I. 232, Minerd Decl. ¶ 6 ("Konami US and Konami Japan have different Presidents, separate Boards of Directors, and separate employees.").

[4] *Compare* Ex. 5 at 1–2, *with* Ex. 6 at 1–2; Ex. 7 at 2; Ex. 8 at 1–2.

[5] *See* D.I. 221, Ex. 11; Ex. 9 ¶ 1; Ex. 10 ¶ 1; Ex. 11 ¶ 1. Konami previously stated in its letter and supporting declarations that Ms. Tasaki was an employee of Konami US who merely signed the Power of Attorney for Konami in the IPR proceedings "while spending time with family in Japan on a leave of absence," without mentioning that Ms. Tasaki is an employee of the Japanese companies. *See* D.I. 232 at 4; *id.*, Minerd Decl. ¶ 13; *id.*, Fox Decl. ¶¶ 2–4.

[6] *See* D.I. 232, Minerd Decl. ¶ 5; Ex. 1 at 3, 6; Ex. 12 at KDE-DEF0000021; Ex. 13 at KDE-DEF0000315 ("Published by Konami Digital Entertainment, Inc. under license from Konami Digital Entertainment Co., Ltd."); *see also* Ex. 9 ¶¶ 3–4, 6–8.

[7] [REDACTED]

O'Kelly Ernst & Joyce, LLC
March 8, 2018

██████████████████████████████████.[8]  PDI also alleges that Konami had knowledge of the '129 patent-in-suit for indirect and willful infringement (*see* D.I. 92 ¶¶ 69–71), based on the citation and discussion of the '129 patent during the prosecution of U.S. patents and applications (*see supra*), which Konami claims are owned and were prosecuted by its affiliates in Japan.  *See* D.I. 232 at 3–4; *see also id.*, Minerd Decl. ¶ 1, 11.

Although Konami also suggests otherwise in its letter and declarations,[9] members of the Konami Group legal department in Japan do in fact appear to handle patent matters for Konami US, and their knowledge of the '129 patent would be imputable to Konami US.  *See, e.g., Afros S.P.A. v. Krauss–Maffei Corp.,* 671 F. Supp. 1458, 1459–60 (D. Del. 1987); *Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, No. CV 15-819-LPS-CJB, 2016 WL 4770244, at *10 (D. Del. Aug. 12, 2016).  Declarations Konami submitted in other cases show that employees of Konami Japan (such as Ms. Tasaki) "have personal knowledge" concerning both Konami's applications for U.S. intellectual property rights that are assigned to the Japanese affiliates (like the patent applications identified by PDI), and the distribution of related videogame products in the United States (like the videogame products accused in this case).[10]  Those declarations and other case filings also confirm that Konami US is able to obtain and produce in U.S. patent litigations documents from other Konami Group companies, such as "technical documents, manuals and source code" for "games that were developed and licensed by third parties."[11]  Although Konami suggests that Ms. Tasaki is no longer an employee of the Konami Group (*e.g.*, D.I. 232, Fox Decl. ¶ 4), Ms. Tasaki specifically represented Konami in this dispute through at least November of 2014 (more than two years after this lawsuit was filed), when she appointed attorneys at Morrison & Foerster LLP (which is also Konami's litigation counsel) to represent Konami in its request for *inter partes* review of the patent-in-suit.  *See* D.I. 221, Ex. 11.

## II.    Extension of Close of Fact Discovery

PDI respectfully requests the Court to extend the deadline for the close of fact discovery by 45 days, and to enter the proposed schedule attached as Exhibit 20.  Although these litigations have been pending since 2012 and 2013, fact discovery has been open only for 9 1/2 months, from February 9, 2016 (when the Court lifted the stay pending the '129 patent IPRs, D.I. 90) to September 12, 2016 (when discovery was stayed pending the Court's claim construction rulings, D.I. 178 & September 12, 2016 Minute Order), and from December 20, 2017 (D.I. 209) to the present.  The extension is necessary to give the parties time to resolve various discovery disputes, complete their document productions, and take party and third-party depositions.

Pursuant to the Court's Scheduling Orders, the defendants should have substantially completed their document productions by September 1, 2016.  *See* D.I. 90 at 2–3.  The defendants' productions, however, continue to be deficient and are preventing PDI from properly

---

████████████████████████████████
████████████████████████████████████████████████████████████████

[9] D.I. 232 at 4; *id.*, Minerd Decl. ¶ 13; *id.*, Fox Decl. ¶¶ 2–4.

[10] *See* Ex. 9 ¶¶ 1–4, 6, 9–13; Ex. 10 ¶ 2.

[11] *See* Ex. 11 ¶¶ 2–5; Ex. 19 at 1–2.

preparing for the inspection of the defendants' source code and for party and third-party depositions. As an example, PDI is still seeking the discovery of at least:

- The *Just Dance* game titles Ubisoft contends are representative, and confirmation that its technical document production is complete as to those games (D.I. 162 at 1–2; D.I. 164 at 1; February 21, 2018 Hearing Tr. at 56–65);[12]

- Marketing, advertising, and customer support documents that Ubisoft was ordered to produce by March 7, 2018 (Tr. at 75–77; D.I. 162 at 4; D.I. 164 at 1–2);

- Additional documents Ubisoft may be ordered by the Court to produce (such as sales information, documents concerning the acquisition of *Rocksmith* and related patent applications, and Ubisoft's partnership with Gibson, D.I. 162 at 2–4; D.I. 165 at 4);

- The Konami Group U.S. patent prosecution documents referred to in Part I above (as well as other documents in the possession of Konami Japan, such as technical documents for the *Dance Dance Revolution* games);

- Additional specific Konami documents identified by PDI in a recent letter (*see generally* Ex. 21), which the parties are continuing to meet and confer on (D.I. 243);

- Documents from Harmonix and Electronic Arts, e.g., relating to the allegations knowledge of the '129 patent in PDI's Complaint (*see* D.I. 94 ¶¶ 75–87); and

- Technical documents from Harmonix for the accused *Karaoke Revolution* games developed by Harmonix (which Konami has not produced and Harmonix recently suggested are not discoverable, *compare, e.g.,* Ex. 15, *with* Ex. 22 at 4–5).

The parties are seeking to depose at least eight party witnesses (PDI, PDI's president Thomas Meagher, Harmonix, Harmonix's director Eran Egozy, Electronic Arts, Konami, Ubisoft, and Ubisoft's president Laurent Detoc) and six third-party witnesses (the Harmonix/Electronic Arts patent attorney Brian Berliner, the Ubisoft patent attorney Timothy Lohse, the prior assignee of the patent Fakespace, and the inventors Mark Bolas, Michael Bolas, and Ian McDowall). None of those depositions has taken place, and the discovery disputes should be resolved, and the relevant documents produced, before many of them do.

Although the defendants have stated that they will oppose an extension, in fact they would suffer no prejudice. The '129 patent expired in July of 2013, and the Court's current schedule allows for sufficient time to grant the extension without unduly compressing the case schedule or disturbing the hearing, pretrial conference, or trial dates set by the Court. *See* Ex. 20.

---

[12] Ubisoft appears to have produced some additional technical documents related to some *Just Dance* games on March 7, 2018. Although Ubisoft stated at the March 1, 2018 teleconference that it would not oppose scheduling Rule 30(b)(6) depositions "a little bit of time" after the close of fact discovery, PDI believes that it is appropriate to extend the fact-discovery deadline, rather than separately seek to negotiate specific extensions on an ad-hoc basis.

O'Kelly Ernst & Joyce, LLC

Page 5 of 5 <span style="float:right">March 8, 2018</span>

                                        Respectfully submitted,

                                        */s/ Sean T. O'Kelly*
                                        Sean T. O'Kelly (No. 4349)

cc:    File Copy
       All counsel of record