IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORP., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 12-1461-LPS-CJB |
| HARMONIX MUSIC SYSTEMS, INC., *et al.*, | ) | |
| Defendants. | ) | |
| PRINCETON DIGITAL IMAGE CORP., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 13-335-LPS-CJB |
| UBISOFT ENTERTAINMENT SA and UBISOFT, INC., | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this **24th day of April, 2018.**

**WHEREAS**, the Court has considered the letter submissions by Plaintiff Princeton Digital Image Corp. ("Plaintiff") and Defendants Harmonix Music Systems, Inc. ("Harmonix"), Electronic Arts Inc. ("EA"), Konami Digital Entertainment Inc. ("Konami") and Ubisoft Inc. ("Ubisoft"), (D.I. 228; D.I. 233), relating to Defendants' pending joint motion ("Motion") to resolve certain discovery disputes between these parties, (D.I. 227), as well as the parties' arguments made during the February 21, 2018 teleconference with the Court;[1]

---

[1] These cases have been referred to the Court to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions. (D.I. 30; D.I. 10, Civil Action No. 13-335-LPS-CJB) Citation will be to the docket in Civil Action No. 12-1461-LPS-CJB unless otherwise noted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion be resolved as follows:

1. With its Motion, Defendants raised four sets of discovery disputes. (D.I. 228 at 1-4) In an April 20, 2018 Memorandum Order, the Court resolved the fourth of those issues (relating to Defendant Ubisoft). (D.I. 199 at 4-5, Civil Action No. 13-335-LPS-CJB) This Memorandum Order addresses the remaining three disputes.

2. The first of these disputes relates to Plaintiff's infringement contentions. (D.I. 228 at 1) The Court is hearing a further discovery dispute regarding this topic in a hearing scheduled for this afternoon. It will resolve these contentions-related disputes at one time, at or after this afternoon's hearing.

3. The second dispute relates to Defendants' request that if Plaintiff contends that Plaintiff has produced documentation regarding the GL software library and the Fakespace VLIB Virtual Reality software, then Plaintiff should "say so" or, to the extent that Plaintiff contends that the accused products are equivalent to that structure, it should "chart it[.]" (D.I. 228 at 2 & n.2 (citing, *inter alia*, RFP Nos. 1, 5-9, 45, 54)) In response, Plaintiff states that it has produced documentation related to this software. (D.I. 233 at 3) If there is something deficient about what Plaintiff has or has not done regarding this production, the Court does not understand what that is (and Defendants have not sufficiently explained what that is). Therefore, Defendant's request (to the extent it relates to Plaintiff's production, and not to the afore-mentioned dispute about contentions) is DENIED.

4. The third dispute relates to Defendants' request that Plaintiff be ordered to "fully respond to Defendants' pending interrogatories" regarding marking or compliance with 35

U.S.C. § 287 ("Section 287") "by providing proof, if any, of its compliance with [the statute.]" (D.I. 228 at 3 & n.3 (citing *id.*, exs. L at EA Interrogatory Nos. 4-5; *id.*, ex. M at Ubisoft Interrogatory No. 15)) In response to the interrogatories at issue (at least those provided to the Court), Plaintiff has in essence stated that it is not aware of any products that would be relevant to Section 287 (i.e., as to which marking was required). That can be an appropriate response to such interrogatories. But in doing so, Plaintiff has asserted that compliance with the statute was not required because neither Fakespace nor any prior assignee "designed, manufactured or sold" any commercial product or system embodying the claimed invention. (*See, e.g.*, D.I. 228, ex. K) As Defendants note, though, were such products offered for sale, that too could implicate Section 287's requirements, (*id.* at 3); Plaintiff's response was silent as to whether its position is that no such products were offered for sale. Therefore, by no later than **April 30, 2018**, Plaintiff shall further supplement its responses to the interrogatories at issue to state whether this is, in fact, its position. If it is, no further responses are now required. If it is not (and Plaintiff *does* now contend that such products were offered for sale in the relevant time period) then Plaintiff shall respond to the remainder of the interrogatories and provide substantive answers to the questions asked therein.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

3