## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-335-LPS-CJB |
| UBISOFT ENTERTAINMENT SA and UBISOFT, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

Presently before the Court in this patent infringement action relating to United States Patent No. 5,513,129 (the "'129 patent") is Plaintiff Princeton Digital Image Corp.'s ("Plaintiff" or "PDI") "Motion to Further Construe 'Virtual Environment'" ("the Motion"). (D.I. 256)[1] For the reasons that follow, the Court recommends that PDI's Motion be DENIED AS MOOT.

1. In addition to the instant action, PDI asserted the '129 patent against other Defendants, including Konami Digital Entertainment, Inc. ("Konami"), in a related action in this Court: Civil Action No. 12-1461-LPS-CJB (the "Harmonix Action"). The related cases had been proceeding on the same schedule, (*see, e.g.*, D.I. 141), and PDI filed the instant Motion in both actions.[2] PDI's Motion relates to the construction of the claim term "virtual environment." In its December 2, 2016 Report and Recommendation regarding claim construction, the Court recommended that the claim term "virtual environment" be construed to mean "a computer-simulated environment (intended to be immersive, i.e., an environment with depth that enables the user to interact with the scene being displayed, typically by simulating motion or

---

[1] This case has been referred to the Court to hear and resolve all pre-trial matters, up to and including the resolution of case-dispositive motions. (D.I. 10)

[2] The Motion was fully briefed as of October 26, 2018. (D.I. 324)

manipulating virtual objects in the virtual environment) which includes a two-dimensional or three-dimensional graphic display (from a user's *first person perspective*, in a form intended to be immersive to the user), and optionally also sounds which simulate environmental sounds." (D.I. 123 at 42 (emphasis added)) The District Court subsequently overruled objections and adopted this construction for "virtual environment." (D.I. 139 at 2-3)

2. In PDI's opening brief in support of the Motion, PDI framed the issue as a disagreement between "PDI and Konami" as to the meaning of the phrase "first person perspective" which appears in the Court's claim construction for "virtual environment." (D.I. 257 at 2; *see also id.* at 1 (PDI explaining that "a dispute has arisen between at least PDI and Konami" regarding the "first person perspective" phrase)) PDI provided a table containing PDI's and Konami's respective interpretations of that phrase, and explained that the parties had two disputes as to that term. (*Id.* at 2) First, PDI and Konami disputed whether the "perspective" referred to is that of a human user, as PDI contends, or that of the user's virtual character in the virtual environment, as Konami argued. (*Id.*) And second, the parties disputed "whether the perspective must be continuously rendered from the point of view of the virtual character, so that when the user causes the virtual character to look to the right or to the left, the graphics change to display more of the scene[,]" as Konami argued. (*Id.*)

3. Following briefing on the instant Motion, PDI and Konami resolved the disputed issues between them. As a result, the Harmonix Action is currently stayed pending the submission of proposed Orders of dismissal. (*See* Harmonix Action, D.I. 445)[3]

---

[3] PDI had earlier resolved its disputes with the other Defendants that were sued in the Harmonix Action (Harmonix Music Systems Inc. and Electronic Arts Inc.) and all related claims among those parties have since been dismissed. (Harmonix Action, D.I. 354)

2

4.  In the instant case, Ubisoft did file a "Response" to PDI's Motion, but its arguments seem much more nuanced than Konami's. (D.I. 282 at 1-2) In light of the fact that PDI and Ubisoft are the only two remaining parties in the related actions, the Court is not certain that a dispute remains between these parties regarding the construction of "virtual environment" (or if there is, what the nature of that dispute may be). For example, with respect to the first of the disputes that arose between PDI and Konami (referenced above), Ubisoft seems to agree with PDI that the "perspective" referred to in connection with the "first person perspective" phrase is the "user's perspective[.]" (D.I. 282 at 1) Ubisoft does further explain that "the Court's existing construction demonstrates that 'the user's first person perspective' is the perspective of the user *as the user is interacting with the scene being displayed, typically by simulating motion or manipulating virtual objects in the virtual environment*." (*Id.* at 2 (emphasis added)) It is possible that Ubisoft is taking a different view than PDI on that front, but if so, the Court cannot discern what the dispute really is.

5.  Claim construction need be undertaken by a court only if "the parties raise an actual dispute regarding the proper scope of the[] claims[.]" *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). Here, in light of the lack of clarity as to what the remaining dispute between PDI and Ubisoft is (if any), and the fact that the Court does not disagree with anything that PDI said in its reply brief, (*see* D.I. 324), the Court finds that it is not required to address the issue at this time. To the extent that a clear dispute crystallizes among PDI and Ubisoft as to the claim term "virtual environment" (or as to the proper interpretation of words found in that term's construction) between now and trial, the parties shall bring that to the Court's attention as soon as possible.

6. For the foregoing reasons, the Court recommends that PDI's Motion be DENIED AS MOOT.

7. This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

8. The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: November 7, 2018

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE