IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORP., <br><br> Plaintiff, <br><br> v. <br><br> UBISOFT ENTERTAINMENT SA and UBISOFT, INC., <br><br> Defendants. | Civil Action No. 13-335-LPS-CJB |

## REPORT AND RECOMMENDATION

Presently before the Court in this patent infringement action is Defendant Ubisoft Inc.'s ("Ubisoft" or "Defendant") *Daubert* "Motion to Strike Expert Report of Omid Kia and Exclude Testimony of Scott Andrews[,]" filed pursuant to Federal Rule of Evidence 702 (the "Motion"). (D.I. 237) Plaintiff Princeton Digital Image Corp. ("Plaintiff" or "PDI") opposes the Motion. For the reasons that follow, the Court recommends that Ubisoft's Motion be DENIED.

## I. BACKGROUND

PDI filed the instant case on February 27, 2013. (D.I. 1) On July 17, 2013, Chief Judge Leonard P. Stark referred this case to the Court to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions. (D.I. 10)

Briefing on the instant Motion was completed on October 26, 2018. (D.I. 313) A 5-day trial is set to begin on April 8, 2019. (D.I. 141; *see also* D.I. 15 at 11)

## II. DISCUSSION

### A. Legal Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of qualified expert testimony, providing that an expert witness may testify if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to

determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Rule 702's requirements were examined in detail in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and have been said to embody "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000); *see also B. Braun Melsungen AG v. Terumo Med. Corp.*, 749 F. Supp. 2d 210, 222 (D. Del. 2010).

As to this Motion, at issue is the reliability and "fit" of the proposed expert testimony. With regard to the requirement of reliability, Rule 702 mandates that the relevant expert testimony "must be supported by appropriate validation—*i.e.*, 'good grounds,' based on what is known." *Daubert*, 509 U.S. at 590; *see also Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). Such testimony should amount to "more than subjective belief or unsupported speculation[,]" and a court's focus in examining this factor must be on "principles and methodology" rather than on the expert's conclusions. *Daubert*, 509 U.S. at 590, 595; *see also Daddio v. Nemours Found.*, 399 F. App'x 711, 713 (3d Cir. 2010). As to the "fit" requirement, it "goes primarily to relevance" as the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue" and have "a valid . . . connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92 (internal quotation marks and citations omitted); *see also Schneider*, 320 F.3d at 404. The standard for fit, however, is "not high; it is met when there is a clear 'fit' connecting the issue in the case with the

2

expert's opinion that will aid the jury in determining an issue in the case." *Meadows v. Anchor Longwall & Rebuild, Inc.*, 306 F. App'x 781, 790 (3d Cir. 2009) (citations omitted).[1]

**B.  Analysis**

In its Motion, Ubisoft primarily moves to strike the May 31, 2018 expert report of PDI's source code expert, Dr. Omid Kia, and to exclude his testimony. Ubisoft's assault on Dr. Kia's testimony is presented via two different lines of attack.

First, Ubisoft asserts that Dr. Kia's source code opinions lack analytical fit and are unreliable because while his report was "littered with claim language that he opines was included within Ubisoft's source code[,]" Dr. Kia repeatedly testified that he had not analyzed the asserted patent and did not understand such claim language to relate to the patent. (D.I. 238 at 3; *see also* D.I. 313 at 1) In that vein, Ubisoft seems to suggest that given Dr. Kia's testimony that he did not analyze the patent, he did not have any way of comparing the source code that he reviewed to the claim limitations that he identified as being found in the code. Yet while it is true that Dr. Kia testified repeatedly that he did not analyze the patent, (*see, e.g.*, D.I. 246, ex. 2 at 134-35, 155-57), as PDI points out in response, Dr. Kia *also* testified that he utilized PDI's infringement contentions "to guide his search for technical features when conducting his source code review[,]" (D.I. 287 at 3 (citing D.I. 291, ex. 1 at 264-66)).

---

[1]  The admissibility of expert testimony is within the discretion of the Court. *See Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008). Overall, "Rule 702 embodies a 'liberal policy of admissibility.'" *B. Braun*, 749 F. Supp. 2d at 222 (quoting *Pineda*, 520 F.3d at 243). The burden is placed on the party offering expert testimony to show that it meets each of the standards for admissibility. *Id.* (citing *Daubert*, 509 U.S. at 592 n.10).

Presumably, PDI's infringement contentions contain the relevant claim language, and the Court is not persuaded that Dr. Kia's utilization of the contentions (instead of the patent) renders his opinions per se inadmissible under *Daubert*. To the extent that Ubisoft takes issue with Dr. Kia's lack of review of the patent itself, it can take that up with Dr. Kia on cross-examination. *Cf. Integra Lifesciences Corp. HyperBranch Med. Tech., Inc.*, Civil Action No. 15-819-LPS-CJB, 2018 WL 1785033, at *3 (D. Del. Apr. 4, 2018) (rejecting defendant's argument that the expert's testimony should be excluded where he did not use the accused products himself, and instead based his opinion on the instructions for use for those products, on videos of the products and on conversations with colleagues who used one of the products, explaining that the defendant "may explore any concerns regarding what [the expert] . . . did or did not consider[] via cross-examination").

Second, Ubisoft argues that Dr. Kia's analysis is an undiscernible black box because he never describes or explains "the [source] code itself" in a sufficiently detailed way. (D.I. 313 at 2 (emphasis omitted); *see also* D.I. 238 at 4) The Court does not agree. In his report, Dr. Kia not only cites to relevant claim language and corresponding portions of source code, but additionally includes statements that seem to explain how the cited portions of code track the requirements of the claims (such as which specific data files or structures of the source code correspond to the claims). (*See, e.g.*, D.I. 287 at 4-5) To the extent that Ubisoft suggests that to pass muster under *Daubert*, a source code expert's opinion must set out lines of source code itself along with corresponding explanations that provide minute detail as to what each and every line means in relation to the claims, it has not cited to a case that supports such a proposition.

Indeed, the Court agrees with PDI that the primary case that Ubisoft relies upon in support of its argument here, *Fleming v. Escort, Inc.*, Case No. 1:CV 09-105-BLW, 2012 WL 12539337 (D. Del. May 23, 2012) (*cited in* D.I. 238 at 4), is distinguishable. (D.I. 287 at 4) In *Fleming*, the source code expert rendered opinions that the accused product did not infringe the asserted claims by simply listing lines of the defendant's source code that generally related to the asserted claims, without providing any explanation as to how that source code worked to support his opinions. *Fleming*, 2012 WL 12539337, at *1-3. But Dr. Kia's opinion here is more substantive than that. To the extent that Ubisoft had particular questions regarding how Dr. Kia matched source code to particular claim language, it had the opportunity to further explore those issues during Dr. Kia's deposition. Dr. Kia's testimony should be permitted pursuant to *Daubert*'s liberal standard of admissibility.[2]

### III.   CONCLUSION

For the foregoing reasons, the Court recommends that Ubisoft's Motion be DENIED.[3]

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

---

[2]   In Ubisoft's reply brief, it further complains in a footnote that while Dr. Kia's report identifies certain files that correspond to the control track, he testified at his deposition that he did not actually find any such files in Ubisoft's source code. (D.I. 313 at 2 n.1) Ubisoft did not raise this issue in its opening brief, and to the extent that it wishes the Court to take some action under *Daubert* in response to this point, it has raised it too late. *See, e.g., Acceleration Bay LLC v. Activision Blizzard, Inc.*, Civil Action No. 16-453-RGA, Civil Action No. 16-454-RGA, Civil Action No. 16-455-RGA, 2017 WL 3738468, at *4 (D. Del. Aug. 29, 2017) (arguments belatedly raised in a reply brief are deemed waived) (citing D. Del. R. 7.1.3(c)(2)).

[3]   Ubisoft also moves to exclude any testimony of PDI's infringement expert, Scott Andrews, that relies on Dr. Kia's opinions, explaining that "if Dr. Kia's report is stricken, Mr. Andrews' reliance on it should similarly be stricken, and he should not be permitted to offer any opinions regarding Ubisoft source code." (D.I. 238 at 5) With the Court recommending that Ubisoft's Motion be denied as to Dr. Kia, it likewise recommends that the Motion be denied as to Mr. Andrews.

Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Because this Report and Recommendation may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Report and Recommendation. Any such redacted version shall be submitted no later than **November 13, 2018,** for review by the Court, along with a motion for redaction that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Report and Recommendation.

Dated: November 7, 2018

                                                Christopher J. Burke
                                                UNITED STATES MAGISTRATE JUDGE