IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORP., <br><br> Plaintiff, <br><br> v. <br><br> UBISOFT ENTERTAINMENT SA and UBISOFT, INC., <br><br> Defendants. | Civil Action No. 13-335-LPS-CJB |

## REPORT AND RECOMMENDATION

Presently before the Court in this patent infringement action is Plaintiff Princeton Digital Image Corp.'s ("Plaintiff" or "PDI") motion for partial summary judgment that Defendant Ubisoft Inc. ("Defendant" or "Ubisoft") is estopped by 35 U.S.C. § 315(e)(2) ("Motion"). (D.I. 252) For the reasons that follow, the Court recommends that PDI's Motion be DENIED.

### I. BACKGROUND

#### A. Factual Background

The Court has previously set out much of the relevant factual background in prior opinions in this case and/or a related case, Civil Action No. 12-1461-LPS-CJB ("the 1461 Action," and collectively with the instant action, "the District Court litigations" or the "related cases"). The Court assumes familiarity with that background, and will simply summarize the relevant portions here.

PDI filed the 1461 Action against Defendants Konami Digital Entertainment Inc. ("Konami"), Harmonix Music Systems, Inc. ("Harmonix") and Electronic Arts, Inc. ("EA") in November 2012, and it filed the instant action against Ubisoft and then-Defendant Ubisoft Entertainment SA ("Ubisoft SA") in February 2013. (Civil Action No. 12-1461-LPS-CJB, D.I. 188 at 2) In both cases, PDI alleged infringement of the sole patent-in-suit, United States Patent

No. 5,513,129 (the "'129 patent"), which has 23 claims. (D.I. 1, ex. 1 at cols. 29:1-30:65) The 1461 Action has since been closed, and in the instant case, PDI now asserts only claims 14, 19 and 20 of the '129 patent against only Ubisoft.

After both of the related cases were filed, certain of the Defendants in the two related cases filed a total of three different petitions for *inter partes* review ("IPR") of certain claims of the '129 patent. (Civil Action No. 12-1461-LPS-CJB, D.I. 188 at 2-4) The United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") instituted review on certain claims of the '129 patent as to two of the three petitions (i.e., as to a petition filed by Harmonix ("the Harmonix IPR")[1] and a petition filed by Ubisoft SA ("the Ubisoft SA IPR")).[2] (*Id.*) As to the third petition, filed by Harmonix and Konami, review was denied on procedural grounds. (*Id.* at 3-4) In none of those proceedings did the PTAB institute review of claims 14, 19 or 20. (*Id.* at 2-4) The Harmonix IPR and the Ubisoft SA IPR eventually resolved with the PTAB issuing Final Written Decisions; the net effect of those decisions was that every claim of the patent-in-suit was found invalid with the exception of claims 14, 19 and 20. (*Id.* at 4)

After the IPR proceedings concluded, this litigation and the 1461 Action resumed. In both, PDI contended that the respective Defendants infringed claims 14, 19 and 20. (*See, e.g.*, D.I. 92 at 1) When Harmonix and EA thereafter filed counterclaims for a declaratory judgment of, *inter alia*, invalidity as to the patent-in-suit in the 1461 Action, PDI moved to dismiss those

---

[1] Harmonix's petition had sought review of claims 1, 5-6, 8-13, 15-19 and 21-23 of the '129 patent, with the PTAB instituting review on claims 10, 11, 22 and 23. (Civil Action No. 12-1461-LPS-CJB, D.I. 188 at 2)

[2] Ubisoft SA's petition had sought review of all claims of the '129 patent, with the PTAB instituting review on claims 1-13, 15-18 and 21-23. (*Id.* at 3)

2

counterclaims on the grounds of estoppel pursuant to 35 U.S.C. § 315(e)(2) ("Section 315(e)(2)"). (Civil Action No. 12-1461-LPS-CJB, D.I. 101; *see also* Civil Action No. 12-1461-LPS-CJB, D.I. 102) The Court ultimately recommended denial of PDI's motion to dismiss in a Report and Recommendation issued on January 19, 2017. (Civil Action No. 12-1461-LPS-CJB, D.I. 188) The Court ruled that, in light of the text of Section 315(e)(2) and relevant Federal Circuit caselaw, because the PTAB had never instituted review of claims 14, 19 or 20 (and thus never issued a Final Written Decision as to those claims), Harmonix and EA could not be estopped from asserting that those claims were invalid in the 1461 Action on any ground. (*Id.* at 8-10) On March 30, 2017, the District Court affirmed the Court's decision as to the motion to dismiss. (Civil Action No. 12-1461-LPS-CJB, D.I. 191 at 2-5; *see also* Civil Action No. 12-1461-LPS-CJB, D.I. 206)

### B. Procedural Background

PDI filed the instant case on February 27, 2013. (D.I. 1) On July 17, 2013, Chief Judge Leonard P. Stark referred this case to the Court to hear and resolve all pre-trial matters, up to and including the resolution of case-dispositive motions. (D.I. 10)

Briefing on the instant Motion was completed on October 26, 2018. (D.I. 315) A 5-day trial is set to begin on April 8, 2019. (D.I. 141; *see also* D.I. 15 at 11)

## II. LEGAL STANDARD

The Court hereby incorporates by reference its discussion of the legal standard for resolving summary judgment motions like this one, which is found in the Court's November 7, 2018 Report and Recommendation. (D.I. 337 at 2)

## III. DISCUSSION

3

PDI's Motion is premised on the Supreme Court of the United States' decision in *SAS Inst. Inc. v. Iancu*, 138 S.Ct. 1348 (2018), which was issued in April 2018. In *SAS*, the Supreme Court held that, pursuant to the meaning of 35 U.S.C. § 318(a), when the PTAB institutes an IPR as to any claim of a patent, the PTAB must decide the patentability of each and every claim of the patent that the petitioner challenged in its petition seeking institution of the IPR. 138 S.Ct. at 1354.[3]

With its Motion, PDI takes note that: (1) because Ubisoft SA's 2014 IPR petition had sought review of claims 14, 19 and 20, and (2) because the PTAB ultimately instituted review in the Ubisoft SA IPR proceeding in 2014 as to certain claims as to that petition (though not claims 14, 19 or 20), then (3) had *SAS* been the law back in 2014, the PTAB would have been required to have *also* instituted review of claims 14, 19 and 20. (D.I. 315) From there, PDI argues that Ubisoft should *now* be estopped from asserting that claims 14, 19 and 20 are invalid on any ground that Ubisoft SA raised or reasonably could have raised in the Ubisoft SA IPR (including certain disputed invalidity grounds that are at issue in the Motion). (*Id.* at 1-6) In other words, PDI is saying that the Court should now act as if: (1) *SAS* was the law in 2014; (2) and the PTAB had actually instituted review on claims 14, 19 and 20 in 2014. (*Id.* at 2-3) If that had all actually happened, PDI could now argue that because those three claims were part of an "inter partes review . . . that result[ed] in a final written decision[,]" and because Ubisoft SA thus could have raised the invalidity grounds at issue here "during that inter partes review[,]" then Ubisoft

---

[3] Prior to the Supreme Court's decision in *SAS*, the PTAB was not required to address every patent claim challenged in an IPR petition in its Final Written Decision. *See, e.g., SAS Inst., Inc. v. ComplementSoft, LLC*, 825 F.3d 1341, 1352 (Fed. Cir. 2016), *rev'd*, 138 S. Ct. 1348 (2018).

should not now be able to raise such grounds here in this litigation. *See* 35 U.S.C. § 315(e)(2) (noting that a "petitioner *in an inter partes review of a claim in a patent* under this chapter *that results in a final written decision*" under 35 U.S.C. § 318(a), or, *inter alia*, a privy of that petitioner, may not assert in a district court patent litigation that "the claim is invalid on any ground that the petitioner raised or reasonably could have raised *during that inter partes review*") (emphasis added).[4]

But of course, *SAS* was not the law back in 2014, and claims 14, 19 and 20 were not actually addressed in a Final Written Decision in the Ubisoft SA IPR proceeding. In fact, there was no actual PTAB trial or final determination on those claims in that proceeding. (D.I. 279 at 7) Thus, Ubisoft SA did not then have the ability to argue or challenge any invalidity ground *in the Ubisoft SA IPR proceeding* as to those claims. (*Id.*); *see also Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, Case No. 12-cv-05501-SI, 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017) ("Indeed, limiting IPR estoppel to grounds actually instituted ensures that estoppel applies only to those arguments, or potential arguments, that received (or reasonably could have received) proper judicial attention."). The Court cannot proceed here, for purposes of applying Section 315(e)(2)'s estoppel provisions, as if these things did happen, when in fact they did not.[5]

---

[4] The Court assumes *arguendo* herein, without deciding, that Defendant Ubisoft would be estopped from making any invalidity arguments that former-Defendant Ubisoft SA did raise or reasonably could have raised in the Ubisoft SA IPR.

[5] The Court thus disagrees with PDI's argument that "the IPR statute does not state that a claim must be addressed in the final written decision" for estoppel to apply as to invalidity arguments regarding that claim. (D.I. 315 at 2) Section 315(e)(2) requires that a patent claim (i.e., claims 14, 19 and 20) has to actually have been a part of the IPR proceeding for estoppel to apply, as such claims are the only ones as to which it can be said that the petitioner "raised or reasonably could have raised" arguments regarding invalidity "*during that* inter partes review." 35 U.S.C. § 315(e)(2) (emphasis added). There is just no way that Ubisoft SA could have raised

5

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that PDI's Motion be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: February 1, 2019

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

any invalidity argument about claims 14, 19 and 20 *during the* Ubisoft SA IPR proceeding, as those claims were never actually at issue in that proceeding. And because the Ubisoft SA IPR proceeding has been closed for years, with all appeal rights having long passed, the proceeding will never re-open; thus, Ubisoft SA *will never* be able to raise any such invalidity arguments in that proceeding in the future. (D.I. 279 at 5-6 (citing *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995) ("New legal principles, even when applied retroactively, do not apply to cases already closed."))

6